# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| RICKY ERNEST PEEPLES,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C19-2038-LTS<br>(Crim. No. CR16-2018-LTS)<br><br>**INITIAL REVIEW ORDER** |

_____

    This matter is before me on a 28 U.S.C. § 2255 motion and amended motion (Doc. Nos. 1, 5) filed pro se by Ricky Peeples. Peeples has also filed a motion to appoint counsel (Doc. No. 2) and a motion for discovery (Doc. No. 3).

    On April 6, 2016, the Grand Jury returned an indictment charging Peeples with one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Crim. Doc. No. 2. On June 8, 2016, I accepted his plea of guilty. Crim. Doc. No. 25. On October 12, 2016, I sentenced him to a 105-month term of imprisonment to be followed by three years of supervised release. Crim. Doc. No. 38.

    Peeples appealed his sentence to the Eighth Circuit Court of Appeals, which affirmed the judgment. Crim. Doc. Nos. 52–54. He then filed a petition for writ of certiorari with the Supreme Court, which was denied on June 13, 2018. Crim. Doc. No. 56.

Peeples mailed his § 2255 motion on June 8, 2019.[1] Doc. No. 1 at 16. In his original motion (Doc. No. 1), he argues that he is entitled to relief under § 2255 due to ineffective assistance of trial counsel. In his amended motion (Doc. No. 5), he argues that he is also entitled to relief due to the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Doc. No. 5.

## I. *§ 2255 INITIAL REVIEW STANDARD*

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the court to conduct an initial review of the motion and dismiss the motion if it is clear that it cannot succeed. Three reasons generally give rise to a preliminary Rule 4(b) dismissal. First, summary dismissal is appropriate when the allegations are vague or conclusory, palpably incredible, or patently frivolous or false. *See Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977).

Second, summary dismissal is appropriate when the motion is beyond the statute of limitations. Section 2255(f) states that a one-year limitations period shall apply to motions filed under 28 U.S.C. § 2255. *See, e.g.*, *Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015). The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

---

[1] Under the prison mailbox rule, the effective date of a pro se prisoner's filing "is the date the prisoner deposits it in the prison mail system for forwarding to the district court." *Van Orman v. Purkett*, 43 F.3d 1201, 1202 (8th Cir. 1994) (citations omitted). Since Peeples' § 2255 Motion indicates it was submitted on June 6, 2019 (Doc. No. 1 at 12), I will assume that is the date it was deposited for the purpose of the Rule 4 review.

2

Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The most common limitation period is the one stemming from final judgment. If no appeal is taken, judgement is final fourteen days after entry. *See* Federal Rule of Appellate Procedure 4(b) (giving defendants fourteen days to file a notice of appeal in a criminal case). If an appeal is taken, the time to file begins to run either 90 days after the denial if no further appeal is taken or at the denial of certiorari if a petition for certiorari is filed. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *see also* U.S. Sup. Ct. R. 13.

This is a strict standard with only a very narrow exception. As set out by the Eighth Circuit Court of Appeals:

> the Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299, 125 S. Ct. 1571, 161 L.Ed.2d 542 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (applying same rule to section 2255 motions).

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

Third, summary dismissal is appropriate when the movant has filed a previous § 2255 motion. Under the rules, movants are prohibited from filing a second 28 U.S.C. § 2255 motion unless they are granted leave from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244 (b)(3)(A); *see also United States v. Lee*, 792

3

F.3d 1021, 1023 (8th Cir. 2015). Dismissal is appropriate if the movant has failed to obtain leave to file a second successive habeas motion. *Id*.

## II. ANALYSIS

Peeples' judgment became final for the purposes of § 2255 on June 13, 2018, when the Supreme Court denied certiorari. Accordingly, his original § 2255 motion, mailed on June 9, 2019, appears to be timely. However, his motion to amend – mailed on October 4, 2019 – is untimely under § 2255(f)(1) because it was not mailed within one year of the Supreme Court denying certiorari and is unrelated to his original claims. *See Mandacina v. United States*, 328 F.3d 995, 999 (8th Cir. 2003) (amendments to a § 2255 motion must be filed within the relevant limitations period). Peeples has not made any argument about the amendment's timeliness. However, I do not find that Peeples' amended motion should be denied at this stage on the basis of timeliness, as there is a colorable argument that it is timely filed pursuant to § 2255(f)(3).[2] Thus, because Peeples has not filed a prior § 2255 motion, the remaining issue is whether the claims in his original and amended motions are patently frivolous.

As noted above, Peeples seeks relief under § 2255 on two grounds. First, he argues that his trial counsel, Christopher Nathan, provided ineffective assistance. Doc. No. 1 at 6–11. Specifically, he contends Nathan erred by failing to file a motion to suppress evidence due to alleged Fourth Amendment violations committed by officers the evening he was arrested. *Id.* In his amended motion, he argues that his guilty plea is inconsistent with *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif* the Supreme Court held that the Government must make two separate showings of knowledge to

---

[2] I recently found that claims under *Rehaif* do not activate the delayed limitations period of § 2255(f)(3). *See Jackson v. United States*, C18-2054, Doc. No. 13 (N.D. Iowa June 4, 2020). However, because the Eighth Circuit Court of Appeals has not addressed whether *Rehaif* applies retroactively to cases on collateral review, there is no controlling law on this issue.

4

convict a defendant for violating 18 U.S.C. § 922(g): (1) "that the defendant knew he possessed a firearm" and (2) "that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194. Peeples argues that his guilty plea was invalid because he did not specifically admit to all the elements required for conviction under 18 U.S.C. § 922(g). Doc. No. 5-1 at 4–5.

Because Peeples claims are not patently frivolous, I will direct the Government to respond to his motion. The parties shall respond in the following manner:

> 1. The Government is directed to file a brief in response to the § 2255 motion (Doc. No. 1) and the amended motion (Doc. No. 5) on or before **August 17, 2020**. The Government shall attach relevant materials to its brief.
>
> 2. If he so chooses, Peeples may file a brief in reply to the Government's response and/or additional materials related to § 2255 motion on or before **September 18, 2020**.

A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied).

Therefore, prior counsel whose representation is challenged is directed to file with the court an affidavit that responds to the movant's specific allegation(s) of ineffective assistance of counsel set out in the motion. Such affidavit must contain all the information that counsel reasonably believes is necessary to respond to the movant's specific allegation(s). In addition, counsel is directed to attach to, or include with, his or her affidavit all of the documents that he or she reasonably believes are necessary to respond to the movant's allegation(s). This court-supervised response to the movant's allegation(s) must be filed with the court on or before **July 17, 2020**.

The Clerk's office is directed to provide a copy of this order to movant's former counsel.[3] After counsel complies with these directives, the clerk's office is directed to serve both parties with a copy of the documents that counsel files. If the movant objects to former counsel responding as ordered herein, the movant is directed to notify the court of the objection no later than **June 30, 2020**. Upon receipt of an objection by the movant, the court will notify the parties and counsel that they need not take further action until they are directed to do so by the court.

### III. MOTION TO APPOINTMENT COUNSEL

Peeples has filed a motion to appoint counsel. Doc. No. 2. There is neither a constitutional nor a statutory right to counsel in § 2255 proceedings; rather, the appointment of counsel is at the discretion of the court. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Green v. United States*, 262 F.3d 715, 718 (8th Cir. 2001) ("[T]he

---

[3] Relevant ethical guidelines are set in the ABA Model Rules of Professional Conduct. *See* ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)–(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15. If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response, in camera with a request for a protective order if necessary, that specifically states the reasons for his or her conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.

6

Constitution does not guarantee [movant] a right to counsel in this collateral proceeding"). "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also* 28 U.S.C. § 2255(g). The general rule is that the court may appoint counsel in a § 2255 case if the interests of justice so require. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255(g). The one exception to the general rule is that if the court grants an evidentiary hearing, appointment of counsel is compulsory. Rule 8(c) of the Rules Governing § 2255 Proceedings; *see also Green*, 262 F.3d at 717–19.

Based on the straightforward nature of Peeples' claims and the court's experience with the relevant ineffective assistance of counsel standards and claims under *Rehaif*, I am persuaded that appointment of counsel is not warranted at this time.

### IV. MOTION FOR DISCOVERY

Peeples has filed a motion for discovery. Doc. No. 3. He desires to obtain information related to officers' actions and records on the evening he was arrested. He argues that this evidence will be important to establishing the Fourth Amendment violations at the heart of his ineffective assistance of counsel claim regarding failure to file a motion to suppress.

The Government is given thirty days from the date of this order to file a response to Peeples' motion for discovery.

### V. CONCLUSION

For the reasons set forth herein:

1. The Clerk's office shall provide a copy of this order to movant's prior counsel, Christopher Nathan. As set out above, Mr. Nathan is directed to file an affidavit by **July 17, 2020**, responding to the allegations set out in the § 2255 motion (Doc. No. 1).

2. The Government shall file its response on or before **August 17, 2020**.

3. Peeples may file a reply to the Government's response on or before **September 18, 2020**.

4. Peeples' motion (Doc. No. 2) to appoint counsel is **denied**.

5. The Government is directed to file a response to Peeples' motion for discovery within thirty (30) days of the date of this order.

6. Peeples' motion to amend (Doc. No. 5) is **granted**. However, ruling is reserved on whether the amendment is timely.

**IT IS SO ORDERED.**

**DATED** this 22nd day of June, 2020.

_____
Leonard T. Strand, Chief Judge